UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
------------------------------------------------------------------ x
PAMELA YVETTE CATO,

                                                                              Plaintiff,      **ANSWER**

                      -against-                      Docket No. 07 Civ. 6654
                                                                              (SAS)(GWG)

CITY OF NEW YORK, DEPARTMENT OF
HOMELESS SERVICES,

                                                            Defendants.

------------------------------------------------------------------ x

        Defendants City of New York (the "City") and New York City Department of Homeless Services ("DHS") (collectively referred to herein as "Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, allege as follows:

        1(a).    Deny the allegations contained in the first unnumbered paragraph of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        1(b).    Deny the allegations contained in the second unnumbered paragraph of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein and respectfully refer the Court to the statutes referred to therein for a complete and accurate statement of their contents.

        1(c).    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

        2.    Deny the allegations contained in paragraph "2" of the Complaint, except admit that DHS operates an Adult Men's Shelter at 400-430 East 30th Street, New York, New York 10016.

3. Deny the allegations contained in paragraph "3" of the Complaint, except admit that plaintiff was employed as a provisional caseworker at DHS from December 12, 2000 through November 11, 2005 and was assigned to the Adult Men's Shelter at 400-430 East 30th Street, New York, New York 10016.

4. Deny the allegations contained in paragraph "4" of the Complaint.

5. Deny the allegations contained in paragraph "5" of the Complaint

6. Deny the allegations contained in paragraph "6" of the Complaint.

7. Deny the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations contained in paragraph "8" of the Complaint.

8(a). Deny the allegations contained in paragraph "8a" of the Complaint, except admit plaintiff purports to proceed as set forth therein.[1]

8(b). Deny the allegations contained in paragraph "8b" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the answers plaintiff provided to the New York State Division of Human Rights.

8(c). Deny the allegations contained in paragraph "8c" of the Complaint, except admit plaintiff purports to proceed as set forth therein.

8(d). Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8d" of the Complaint.

8(e). Deny the allegations contained in paragraph "8e" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's reasons for filing a complaint with the New York State Division of Human Rights or

---

[1] Plaintiff has attached additional allegations to the Complaint, which are allegedly suppose to supplement paragraph 8 of the Pro Se Complaint. Due to the length these additional allegations and to permit a coherent response, Defendants have numbered the sub-paragraphs contained in this paragraph. For the Court's convenience, a copy of the numbered attachment is annexed hereto as Exhibit "A."

any other complaint.

8(f).   Deny the allegations contained in paragraph "8f" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning how plaintiff allegedly felt.

8(g).   Deny the allegations contained in paragraph "8g" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations that plaintiff's supervisor sent a memo to the Director of the 30th Street Men's Shelter and admit that Noel Francis was assigned to the Adult Men's Shelter at 400-430 East 30th Street, New York, New York 10016, as the Administrative Director of Social Services on August 2, 2004.

8(h).   Deny the allegations contained in paragraph "8h" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations that plaintiff felt tired and admit plaintiff purports to proceed as set forth therein.

8(i).   Deny the allegations contained in paragraph "8i" of the Complaint, except admit that plaintiff's provisional employment was terminated effective November 11, 2005.

8(j).   Deny the allegations contained in paragraph "8j" of the Complaint.

9.   Deny the allegations contained in paragraph "9" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's recollection of when she allegedly filed a charge with the New York State Division of Human Rights.

10.   Deny the allegations contained in paragraph "10" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's recollection of when she allegedly filed a charge with the Equal Employment Opportunity Commission.

11. As paragraph "11" of the Complaint does not contain any factual allegations, no response is required thereto.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint, except admit that the Equal Employment Opportunity Commission issued a right to sue letter on June 6, 2007.

### AS AND FOR A FIRST DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

14. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD DEFENSE

15. All actions taken by Defendants with respect to Plaintiff were taken in good faith for legitimate non-discriminatory business reasons and based upon reasonable factors other than Plaintiff's gender, or filing of a charge of discrimination.

### AS AND FOR A FOURTH DEFENSE

16. DHS maintains complaint procedures for the purpose of allowing employees to complain about purported discriminatory or harassing behavior.

17. Plaintiff was aware of such complaint procedures.

18. Plaintiff failed to avail herself of such complaint procedures.

### AS AND FOR A FIFTH DEFENSE

19. The Complaint is barred, in whole or in part, as a result of Plaintiff's failure to comply with all the conditions precedent for commencing this action.

## AS AND FOR A SIXTH DEFENSE

20. Plaintiff has failed to mitigate her damages, if any.

## AS AND FOR A SEVENTH DEFENSE

21. Defendants exercised reasonable care to prevent and promptly correct the occurrence of discriminatory acts, if any, by any supervisor or employee.

## AS AND FOR A EIGHTH DEFENSE

22. Defendant New York City Department of Homeless Services is not a sueable entity.

## AS AND FOR A NINTH DEFENSE

23. Any injuries suffered by Plaintiff are a result of his own culpable and/or negligent conduct.

## AS AND FOR A TENTH DEFENSE

24. Plaintiff has failed to allege any adequate basis upon which to seek compensatory damages or attorney's fees.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety and awarding Defendants their costs, fees and disbursements incurred in defending this action and such other and further relief as to the Court seems just and proper.

Dated: New York, New York
November 19, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-170
New York, New York 10007
212-788-1158

By: _____
Daniel Chiu (DC-3381)
Assistant Corporation Counsel

To:    Pamela Yvette Cato, *pro se*
       1135 University Avenue, Apt. #7G
       Bronx, New York 10452
       917-386-8937

# Exhibit A

Pamela Cato
1135 University Ave. #7G
Bronx, NY 10452

a. In the matter of case #: 10108342, I'm requesting a review of EEOC. This complaint is solely based on the unwarranted actions of my director, Mr. Francis.

b. This case is not about write-ups/layoffs or my supervisor's complaint. I answered the questions that were asked of me by Division of Human Rights. This case is about Mr. Francis placing his hands on me inappropriately not once but twice, violating me and constantly verbally harassing me.

c. My supervisors and my complaints are two separate issues; one has nothing to do with the other.

d. During the investigation, Ms. Seldstein could not comprehend how I was explaining the way Mr. Francis touched me.

e. I did not put in a complaint early on, because I gave him the benefit of the doubt, the second time it happened, he was leaving the unit, therefore I felt that I would no longer have to deal with him. However, he returned to my unit and made a comment after witnessing a co-worker hugging me on my way out for the day, someone I've called my brother and Mr. Francis stated "Now that's an EEO issue".

f. If he felt he did nothing wrong, why would he make that statement and why the second time he grabbed me, did I bend back his fingers, I felt violated because I asked him not to touch me.

g. It was only then after his comment and knowing that his returning to the unit, did my supervisor send a memo to the Director of 30th St Men's Shelter, by then I thought the city would handle this matter.

h. I'm tired of Ms. Ballard covering up for Mr. Francis; she was not there to witness what he did and didn't take time to question me about what happened. I assure you my complaint is not about what their claiming, this is a matter of me being violated in the place of business.

i. In June of 2005, that's where the verbal abuse began. I gave him the rope and he just hung himself, so in October of 2005, I put in my complaint, and anyone will tell you that my layoff was a good thing. I don't know what he was thinking that would make him put his hands on me, we're not friends I never joked around with him or indicated that we could be friends, and in fact I tried to stay away from him, even before the incident.

j. Nobody forced him to place his hands on me, this was a judgment call on his part, and he was my director and should have set a better example than what he displayed.

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On November 19, 2007, I served the annexed Answer by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

    Pamela Yvette Cato, *pro se*
    1135 University Avenue, Apt. #7G
    Bronx, New York 10452

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       November 19, 2007

_____
Daniel Chiu