UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Pamela Yvette Cato,

                      Plaintiff,

-against-

City of New York,
Department of Homeless Services,

                      Defendants.

ORDER DECLARING CASE ELIGIBLE
FOR MEDIATION

No. 07 Civ. 6654 (SAS)



*To the Clerk of Court:*

**This case is determined to be:**

\_\_\_\_ I. Not eligible for mediation because the case is:

    \_\_\_a. Not a case in which money damages only have been sought.
    \_\_\_b. A social security case.
    \_\_\_c. A tax matter.
    \_\_\_d. A *Pro Se* case
    \_\_\_e. A prisoner's civil rights case.

\_\_\_\_ II. Not eligible for mediation as otherwise determined by the Court.

✓ III. Eligible for mediation subject to the limitations and restrictions noted below.

**If the case has been determined eligible for mediation:**

    ✓ a. All issues are eligible.
    \_\_ b. Only specific issue(s) is/are eligible *(cite issue(s))*.

**SOLELY FOR THE PURPOSES OF THIS MEDIATION, Plaintiff is represented by:**

    **New York Law School Legal Services, Inc.**
    **Deborah N. Archer**
    **Supervising Attorney**
    **47 Worth Street**
    **New York, NY 10013**
    **(212) 431-2138**

        New York Law School Legal Services, Inc. by its supervising attorney and law students (hereinafter referred to as "the attorney" ) has volunteered to participate in the Court's mediation program. The law students under supervision of the supervising attorney are hereby authorized to appear in court or other proceedings on behalf of the plaintiff and to prepare documents on behalf of the plaintiff. If there is any conflict of interest,

New York Law School Legal Services, Inc. by its supervising attorney shall notify Natalie J. Sobchak, Senior Staff Attorney, in the Court's *Pro Se* Office immediately at (212) 805-0177. The attorney shall consult with plaintiff and shall attend the mediation when scheduled. **If the case is not resolved through the mediation process, the attorney shall have no obligation to have any further involvement in the case. Under no circumstances shall the Court require the attorney to accept representation for any further part of the litigation.**

The entire mediation process is confidential. The parties and the Mediator may not disclose information regarding the process, including settlement terms, to the Court or to third persons unless all parties otherwise agree. The identity of the mediator is not to be disclosed even to the Court. However, persons authorized by the Court to administer or evaluate the mediation program may have access to information necessary to so administer or evaluate the program and parties. Counsel and Mediators may respond to confidential inquiries or surveys by said persons authorized by the Court to administer or evaluate the mediation program.

The mediation process shall be treated as a compromise negotiation for purposes of the Federal Rules of Evidence and state rules of evidence. The Mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the dispute, including actions between persons not parties to the mediation process.

Any timetable set by the Court contained in a scheduling order or otherwise governing the completion of discovery, motion practice or trial date, etc. is to be strictly complied with and is in no way changed by the entry of the case into the Court's mediation program.

So Ordered.

                                    _____
                                    SHIRA A. SCHEINDLIN
                                    United States District Judge

Dated:  Jan. 14, 2008
        New York, New York