UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

PAMELA YVETTE CATO,

     **Plaintiff,**

 - against -

CITY OF NEW YORK and
DEPARTMENT OF HOMELESS
SERVICES,

     **Defendants.**

------------------------------------------------------ X

       **ORDER**

    **07 Civ. 6654 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

On January 3, 2008, pro se plaintiff Pamela Yvette Cato filed an application for appointment of counsel. For the reasons that follow, plaintiff's application is granted.

## II. LEGAL STANDARD

In *Hodge v. Police Officers*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent pro se plaintiff's request for appointment of counsel.[1] As a threshold requirement, the court must

---

[1] 802 F.2d 58, 61-62 (2d Cir. 1986).

1



decide whether the plaintiff's claim "seems likely to be of substance."[2] If the

plaintiff satisfies this requirement, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination
> will be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in that case why appointment of counsel would
> be more likely to lead to a just determination.[3]

In considering these factors, district courts should neither apply bright-line rules

nor automatically deny appointment of counsel until the applicant has survived a

dispositive motion.[4] Indeed, none of these factors should be considered

controlling in a particular case.[5] Each case must be decided on its own facts.

## II.    DISCUSSION

On July 24, 2007, Chief Judge Kimba M. Wood granted plaintiff's

application to proceed in forma pauperis ("IFP"). Therefore, plaintiff qualifies as

indigent under *Hodge*. Based on plaintiff's IFP status, as well as the record to

date, I find that plaintiff meets the requirements for appointment of counsel.

This Court has jurisdiction over plaintiff's action pursuant to section

---

[2]    *Id.*

[3]    *Id.* at 61-62.

[4]    *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

[5]    *Hodge*, 802 F.2d at 61.

2

1331 of Title 28 of the United States Code. Plaintiff claims that the director of her unit made unwelcome comments to her and her coworkers.[6] She responded, which caused him to touch her inappropriately. Later, he grabbed her again and she shouted at him and bent his fingers backward. She also alleges that she was the victim of verbal abuse. Finally, she alleges that she was fired in retaliation for a complaint she filed about this behavior. Based on a review of the Complaint and attached documentation, plaintiff satisfies the threshold requirement in that her claims appear "likely to be of substance."[7]

Moreover, the other *Hodge* factors weigh in favor of granting plaintiff's application. "[C]onflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder . . . ."[8] Appointing counsel may greatly assist plaintiff through trial, leading to a "quicker and more just result by sharpening the issues and shaping examination."[9]

## III.   CONCLUSION

---

[6]      The facts in this section are taken from plaintiff's Complaint.

[7]      *Hodge*, 802 F.2d at 61.

[8]      *Id.* at 61-62.

[9]      *Id.* at 60 ("[I]t is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination.").

3

For the foregoing reasons, plaintiff's application for appointment of counsel is granted. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before this Court's Pro Se Office is able to find counsel for plaintiff. Nevertheless, this litigation will progress at a normal pace. The Clerk of the Court is directed to close this motion (document no. 10 on the docket sheet).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          January 14, 2008

4

## - Appearances -

**Plaintiff (Pro Se):**

Pamela Yvette Cato
1135 University Avenue #7g
Bronx, New York 10452

**For Defendants:**

Daniel Chiu
Office of the Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1158