UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PAMELA YVETTE CATO,

                              Plaintiff,

- against -

CITY OF NEW YORK, DEPARTMENT OF HOMELESS
SERVICES,

                              Defendants.

------------------------------------------------------------------ x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

Docket No. 07 Civ. 6654 (SAS)

      **WHEREAS,** plaintiff commenced this action by filing a complaint in the United States District Court for the Southern District of New York, on or about, July 24, 2007 alleging claims of gender discrimination and retaliation in violation of 42 U.S.C. §2000e, et. seq. ("Title VII");

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1. Plaintiff hereby agrees to dismiss, with prejudice, and without costs, expenses, or fees in excess of the amounts specified in paragraph "2" below, all the claims asserted against defendants the City of New York, and New York City Department of Homeless Services (sued herein as "Department of Homeless Services") and to release defendants the City of New York and New York City Department of Homeless Services, their successors or assigns, and all

present and former officials, employees, representatives and agents of the City of New York and New York City Department of Homeless Services ("DHS") ("Released Parties") from any and all claims, liabilities and/or causes of action which Plaintiff has or may have against any of the Released Parties based on any act, omission, event or occurrence occurring from the beginning of the world up through and including the date hereof, including, without limitation, any and all claims which were or could have been alleged by plaintiff in this action, including all claims for attorneys' fees and costs.

2. In consideration for the above, the City of New York hereby agrees to pay plaintiff the gross sum of seven thousand two hundred and fifty dollars and no cents ($7,250.00), inclusive of attorneys' fees and costs. The City of New York shall issue one check made payable to "Pamela Yvette Cato" in the amount of seven thousand two hundred and fifty dollars and no cents ($7,250.00) within 90 days of the City of New York's receipt of the executed Stipulation and Order of Settlement and Dismissal, Affidavit Concerning Liens and General Release.

3. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York or the City of New York, or any other rules, regulations or bylaws of any department or subdivision of the City of New York and/or DHS. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except that it is admissible for the purposes of enforcing its terms.

4. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York and/or DHS.

5.  By executing this agreement, plaintiff acknowledges that in accordance with the Older Workers Benefit Protection Act (29 U.S.C. § 626) (i) she enters into this stipulation voluntarily and with full understanding and knowledge of its consequences; (ii) she has been advised to consult with an attorney before executing this Stipulation; (iii) she has been provided with at least a twenty-one (21) day period to review and consider whether to sign this stipulation and (iv) she has been advised that she has seven (7) days following her execution to revoke it (the "Revocation Period").

6.  This stipulation will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally executed written notice of revocation is delivered to defendants' counsel on or before 5:00 p.m. on the seventh day after the date of plaintiff's execution of this stipulation. If so revoked, this stipulation shall be deemed to be void <u>ab initio</u> and have no force or effect.

7.  In the event that a taxing authority or a court determines the payment made pursuant to this Stipulation and Order of Settlement and Discontinuance by the City of New York City is subject to personal income tax, any taxes, interest or penalties determined to be owed shall be the sole and complete responsibility of plaintiff, and plaintiff and her counsel, if any, shall not have a claim, right, or cause of action against the City of New York, DHS, or any former, present, or future officials, agents, employees, or representatives of the City of New York, DHS, or their successors and assigns, on account of such taxes. The City of New York, DHS, and their former, present, or future officials, agents, employees, or representatives or their successors and assigns, do not waive any claims they might have should any taxing authority proceed against them on account of any moneys paid under this Stipulation and Order of Settlement and Discontinuance.

8. This Stipulation and Order of Settlement and Discontinuance contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order of Settlement and Discontinuance regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
April 2?, 2008

PAMELA YVETTE CATO
1135 University Avenue, #7G
Bronx, New York 10452
917-386-8937

_Pamela Y. Cato_
Pamela Yvette Cato

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-115
New York, New York 10007
212-788-1158

By: _____
Daniel Chiu
Assistant Corporation Counsel

SO ORDERED:

_____
U.S.D.J.    5/2/08